Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

District of __AZ__

_____ Division

|  |  |
|---|---|
| __David Nelson__ Plaintiff(s) (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. __CV-25-1916-PHX-CDB__ (to be filled in by the Clerk's Office) Jury Trial: (check one) ☒ Yes ☐ No |
| -v- | |
| __State of Arizona__ Defendant(s) (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

FILED ___ LODGED ___ RECEIVED ___ COPY
JUN 03 2025
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: David Nelson
   Street Address: 2621 S 47th Pl
   City and County: Phoenix  Maricopa
   State and Zip Code: Arizona  85034
   Telephone Number: 602 400 6138
   E-mail Address: nelly874@Hotmail.com

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Page 1 of 5

Defendant No. 1
  Name: Patricia Doporto
  Job or Title (if known): DCS Child Safety Specialist
  Street Address:
  City and County:
  State and Zip Code:
  Telephone Number:
  E-mail Address (if known):

Defendant No. 2
  Name: Jordan Igo
  Job or Title (if known): Assistant Attorney General
  Street Address:
  City and County:
  State and Zip Code:
  Telephone Number:
  E-mail Address (if known):

Defendant No. 3
  Name: Honorable Michelle Carson
  Job or Title (if known): Maricopa County Superior Court Judge
  Street Address: 201 W Jefferson Street
  City and County: Phoenix  Maricopa
  State and Zip Code: Arizona  85003
  Telephone Number:
  E-mail Address (if known):

Defendant No. 4
  Name:
  Job or Title (if known):
  Street Address:
  City and County:
  State and Zip Code:
  Telephone Number:
  E-mail Address (if known):

      b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 06/03/2025

Signature of Plaintiff: *David Nelson*
Printed Name of Plaintiff: David Nelson

### B. For Attorneys

Date of signing: 

Signature of Attorney  
Printed Name of Attorney  
Bar Number  
Name of Law Firm  
Street Address  
State and Zip Code  
Telephone Number  
E-mail Address

Plaintiff: David Nelson, Pro Se

v.

Defendants: The State of Arizona; Arizona Department of Child Safety (DCS); Assistant Attorney General of Arizona Jordan Igo; Judge Carson (official capacity)

Complaint for Violations of Civil Rights (42 U.S.C. § 1983)

1. This is a civil rights action filed under 42 U.S.C. § 1983 for violations of the Plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution.

2. Plaintiff is the biological father of a minor child and is bringing this action against the State of Arizona and its agents for depriving him of his parental rights, procedural and substantive due process, and equal protection under the law.

3. Plaintiff has no history of drug abuse, no criminal convictions related to child safety, and was convicted once of misdemeanor domestic violence, which has no nexus to the child in question.

4. Arizona DCS, with full knowledge of the mother's long-term and active drug addiction, including relapse admissions, refusal to test, and dilute tests—allowed the child to remain in her custody.

5. Despite Judge Lang denying DCS's request for a psychosexual evaluation, DCS appeared in family court to testify against the father with no new evidence, and Judge Carson ordered the evaluation. The plaintiff was denied the opportunity to cross-examine the witness.

6. A restraining order filed by the mother was allowed to include the child under Arizona law. For over a year the father was unable to see the child due to family court's refusal to intervene. This was extended to two years due to DCS's failure to provide fathers with services. This effectively enabled legal kidnapping by the mother, supported by DCS and the courts. Father is concerned about the future treatment of other father as the Arizona Law now extends restraining orders to 2 years.

7. The plaintiff was not provided any reunification services, supervised visitation, or fair investigation. This violates federal law, including:

    - 42 U.S.C. § 1983 (civil rights deprivation)
    - 42 U.S.C. § 671(a)(15) (reasonable efforts requirement)
    - 45 CFR § 1356.21(b) (agency obligation to work toward reunification)
    - U.S. Const. amend. XIV (due process and equal protection clauses)

8. Expert research and psychological studies support the claim that children are susceptible to coaching and that drug-dependent parents often fabricate allegations to retain custody. See:

- Ceci & Bruck, "Jeopardy in the Courtroom: A Scientific Analysis of Children's Testimony" (1995)
- Clawar & Rivlin, "Children Held Hostage: Dealing with Programmed and Brainwashed Children" (1991)
- Troxel v. Granville, 530 U.S. 57 (2000) – Fundamental right of a parent to make decisions concerning the care, custody, and control of their children.

9. Plaintiff seeks $40 million in damages for emotional distress, reputational harm, and loss of parental time.

10. Plaintiff also seeks judicial oversight of DCS practices to prevent gender-based bias and ensure fair investigations.

11. At this time, the Plaintiff names three individual Defendants, with the intent of amending this complaint to include additional individuals, including but not limited to DCS agents, as their identities become known. DCS agents: Patricia Doporto; Assistant Attorney General: Jordan Igo; Maricopa County Superior Court Judge: Honorable Michelle Carson.

WHEREFORE, Plaintiff requests:
1. Emergency injunction preventing continued custodial interference.
2. Full evidentiary hearing on bias and constitutional violations.
3. Addition of named DCS agents upon FOIA fulfillment.
4. Damages in the amount of $40,000,000.

Respectfully submitted,

David Nelson
2621 S 47th pl 'Homeless'
Phoenix, Az 85034
nelly874@hotmail.com
6024006138
Date: 06/03/2025

## Statement of Claim

This Statement of Claim identifies the specific actions and omissions by each named defendant that entitle the Plaintiff to relief. This section contains factual assertions without legal argument.

1. **Arizona Department of Child Safety (DCS):**
    - DCS failed to conduct a fair and balanced investigation into allegations involving the Plaintiff, demonstrating clear investigative bias against the father.
    - DCS sought a psychosexual evaluation of the Plaintiff in Dependency court, which was denied due to lack of evidence. After being denied in that venue, DCS circumvented this outcome by advocating for the same evaluation in Family court, stating their internal opinion that Plaintiff should not have contact with the child.
    - This maneuver effectively punished the Plaintiff twice for the same claims, creating undue burden and emotional trauma.
    - DCS failed to provide any father-focused reunification services or supervised visitation options, thereby excluding Plaintiff from his child's life for approximately two years.
    - DCS agents knowingly continued to support maternal custody despite long-standing and active substance abuse by the mother, including a relapse event which resulted in a potential suicide attempt and endangerment of the child.

2. **State of Arizona:**
    - Arizona's laws regarding restraining orders (Order of Protection) permit one parent to add children to the order without sufficient judicial oversight or due process.
    - These orders are not subject to direct family court review, enabling one parent—typically the mother—to unilaterally restrict the other parent's access, which has the effect of legally kidnapping the child with state sanction.
    - This statutory structure was used in this case to keep Plaintiff separated from his child for over two years.

3. **Office of the Attorney General (Assistant Attorney General):**
    - During Dependency court proceedings, the Assistant Attorney General assigned to the case made biased statements favoring the mother over the father, despite both parents being parties to the same action.
    - These statements demonstrated partiality and undermined the presumption of parental equality and neutrality expected from a state representative.

4. **Judge Carson:**
    - Judge Carson attempted to elicit a response from Plaintiff that could be construed as an admission of intent to disobey a court order or commit perjury, placing Plaintiff in a no-win situation and creating a chilling effect on Plaintiff's testimony.

   - Judge Carson ordered the Plaintiff to undergo a psychosexual evaluation in Family court after it was already denied in Dependency court. This created an appearance of judicial bias and retaliatory conduct.
   - Judge Carson's actions contributed directly to the continued deprivation of Plaintiff's right to parent his child and prolonged the unjust separation.

Each of these actions and omissions directly contributed to the Plaintiff's inability to see, communicate with, and parent his child, and caused severe emotional distress and reputational harm.

**Statement of Relief**

Plaintiff respectfully submits this Statement of Relief in support of his claim for monetary damages.

To this day, Plaintiff's constitutional right to see and communicate with his child has been unlawfully restricted by the State of Arizona through the continued support of a biased and single-sided investigative agenda pursued by the Arizona Department of Child Safety (DCS).

As a direct result of DCS's failure to conduct a fair, impartial, and thorough investigation—and its failure to provide father services as mandated by law—Plaintiff was denied any access to his child for approximately two years. During this time, DCS took no action to reunify the family, provide supervised visitation, or pursue any course of action that considered the best interest of the child in a balanced manner.

The Plaintiff further alleges that the child was subjected to emotional and physical harm during this time, including malnourishment and serious psychological trauma when the mother relapsed and was found in an apparent suicide attempt. Despite these known issues, the State continued to support sole custody with the mother, knowingly placing the child at risk.

Accordingly, Plaintiff seeks the following relief:

1. Monetary damages in the amount of $40,000,000 for:
   - Violation of constitutional rights under the Fourteenth Amendment (due process and equal protection)
   - Emotional distress and psychological harm suffered by Plaintiff
   - Child endangerment and deprivation of parental rights
   - Reputational harm caused by unsupported and intrusive allegations
   - Pain and suffering endured over two years of separation

2. Declaratory relief establishing that the policies and practices of Arizona DCS and the decisions made in this case violated Plaintiff's rights.

3. Injunctive relief to prevent future acts of discrimination and to require public oversight of DCS and Arizona family courts to ensure fair and constitutional procedures.

Plaintiff reserves the right to amend these claims as further evidence is made available through FOIA responses and court discovery.