**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Nelson,<br><br>Plaintiff,<br><br>vs.<br><br>State of Arizona, et al.<br><br>Defendants. | No. CV-25-01916-PHX-SPL<br><br>**ORDER** |

Before the Court is the State of Arizona ("Arizona"), Assistant Attorney General of Arizona Jordan Igo ("Igo"), Judge Michelle Carson ("Judge Carson"), and Patricia Doporto's ("Doporto") ("Defendants") Motion to Dismiss (Doc. 32), David Nelson's ("Plaintiff's") Response (Doc. 34), and Defendants' Reply to their original Motion (Doc. 35). The Court has reviewed the Second Amended Complaint ("SAC") along with the parties' filings and will dismiss this action with leave to amend for the reasons stated below.[1]

## I. Background

Plaintiff, proceeding *pro se*, is a father, who was a party to proceedings before the Arizona Department of Child Safety ("DCS") and Maricopa County Superior Court concerning his parental rights. (Doc. 24 at 1). Defendant Judge Carson is a Maricopa

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending briefing suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

County Superior Court Judge and presided over Plaintiff's family court matters. (Doc. 32 at 17). Defendant Doporto is a DCS agent, and Defendant Igo is an Assistant Attorney General. (Doc. 24 at 1). In the SAC, Plaintiff alleges that there is systemic discrimination against fathers in DCS and family court proceedings. (*Id.* at 2). Plaintiff alleges that Defendant Doporto conspired with others to deprive Plaintiff of child custody. (*Id.*). Plaintiff alleges that Defendant Igo knew about discriminatory practices, had the authority to intervene, and failed to intervene. (*Id.*). Plaintiff also challenges Arizona's appellate filing deadlines. (*Id.*). Plaintiff filed an SAC on November 6, 2025. (*Id.* at 1). Plaintiff brings claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, and for Declaratory Judgement under 28 U.S.C. §§ 2201 and 2202. (*Id.* at 2). On January 26, 2026, Defendants filed the instant Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 32 at 1). The Court now rules as follows.

## II. <u>Legal Standard</u>

### A. Rule 12(b)(1)

Rule 12(b)(1) "allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Kinlichee v. United States.*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (citation omitted). "A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006); *see also Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Renteria*, 452 F. Supp. 2d at 919. "When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact." *Id.* "A plaintiff has the burden of proving

that jurisdiction does in fact exist." *Id.*

**B. Rule 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Rule 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted).

In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).

**III. <u>DISCUSSION</u>**

**A. Sovereign Immunity**

The SAC lists Arizona as a Defendant "for the limited purpose of constitutional challenge and appellate preservation." (Doc. 24 at 1). Defendants argue that the Eleventh Amendment bars Plaintiff from suing Arizona in federal court. (Doc. 32 at 5). "The Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (internal citation omitted). Plaintiff does not argue that Arizona waived its immunity or that Congress abrogated Arizona's immunity. (*See* Doc. 34 at 7–8). Therefore, all claims against Arizona are dismissed.

The SAC lists all three remaining Defendants in their official and individual capacities for compensatory, declaratory, and injunctive relief. (Doc. 24 at 1). The Court

now addresses whether the Eleventh Amendment bars Plaintiff from pursuing damages against Defendants in their official capacities.

"The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity." *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016). But Plaintiff may still pursue "damages against state officials in their personal capacities." *Id*. "Moreover, when a plaintiff sues a defendant for damages, there is a presumption that he is seeking damages against the defendant in his personal capacity." *Id*.

As previously stated, Plaintiff does not allege, or adequately argue, that Arizona waived its immunity. Suit against these state officials in their official capacities for damages is no different than suit against the state itself. *Will*, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). Therefore, claims for damages against Defendants in their official capacities are dismissed.

Furthermore, for Defendant Judge Carson, state court judges are excluded from the *Ex parte Young* exception for actions taken in their judicial capacity. *Munoz v. Super. Ct of L.A. Cnty*., 91 F.4th 977, 981 (9th Cir. 2024). The plain text in § 1983 "provides 'judicial immunity from suit for injunctive relief for acts taken in a judicial capacity.'" *Id*. (citation omitted). If a state court errs, "the traditional remedy has been some form of appeal." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). But "suits brought under § 1983 against individual officers in their individual capacity for violations of the Constitution do not implicate sovereign immunity." *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1190 (9th Cir. 2003). Therefore, claims against Defendant Judge Carson for declaratory and injunctive relief in her official capacity are dismissed.

**B. Standing**

**1. Doporto and Igo**

The Court now analyzes whether Plaintiff has standing to sue Defendant Doporto and Defendant Igo for declaratory and injunctive relief in their official and individual capacities. Defense argues that Plaintiff lacks standing because Plaintiff "alleges only past

wrongs," the injuries are not actual or imminent, and the injuries are not traceable to any named Defendant. (Doc. 32 at 6–7).

Article III standing requires the Plaintiff to show they suffered an injury in fact, the injury must be fairly traceable to the challenged action of the defendant, and it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss 'we presume[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Id*. at 561 (alteration in original) (citation omitted). Still, "a plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't. Servs (TOC), Inc*., 528 U.S. 167, 185 (2000). Furthermore, "Plaintiffs must demonstrate a personal stake in the outcome in order to assure that concrete adverseness which sharpens the presentation of issues necessary for the proper resolution of constitutional questions." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (internal quotations marks and citation omitted). "[P]ast wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy." *Id*. at 103. "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citation omitted).

In *Lyons*, the Supreme Court held that plaintiff did not allege a case or controversy because the probability that plaintiff would be stopped and strangled again for a traffic violation was insufficient to establish a federal case for equitable relief. *Lyons*, 461 U.S. at 105, 110–111. The Supreme Court reasoned that "it is surely no more than speculation to assert either that Lyons himself will again be involved in one of those unfortunate instances, or that he will be arrested in the future and provoke the use of a chokehold." *Id*. at 108. Furthermore, "[i]f Lyons has made no showing that he is realistically threatened by a repetition of his experience of October, 1976, then he has not met the requirements for seeking an injunction in a federal court, whether the injunction contemplates intrusive

structural relief or the cessation of a discrete practice." *Id*. at 109. The Ninth Circuit cited *Lyons* to reiterate a plaintiff's requirement to show "a sufficient likelihood that he will again be wronged in a similar way" for prospective declaratory and injunctive relief. *Canatella v. State of California*, 304 F.3d 843, 852 (9th Cir. 2002) (citation omitted).

Here, Plaintiff alleges that all Defendants "deprived Plaintiff of rights secured by the Fourteenth Amendment through discriminatory treatment, denial of fair meetings, and unequal enforcement of state laws." (Doc. 24 at 2). For Defendant Doporto, Plaintiff alleges that she conspired with others to deprive Plaintiff of parental rights and testified against him in family court. (Doc. 24 at 2). For Defendant Igo, Plaintiff alleges that he "knew of ongoing violations and conspiracies against fathers, had authority to intervene, and failed to prevent or correct unlawful conduct." (Doc. 24 at 2). In the SAC's factual background section, Plaintiff alleges that "DCS and associated judicial officers systematically discriminate against fathers through biased investigative practices, unequal access to meetings, and procedural rules that effectively deprive fathers of meaningful participation in child welfare and custody matters." (Doc. 24 at 2).

Like *Lyons*, Plaintiff alleges that he suffered discrimination, and he requests equitable relief to prevent future discrimination. Plaintiff does not allege that he has an ongoing or even potential future matter involving Defendants. Based on the SAC, it is speculation whether Plaintiff will be involved with these Defendants, these processes, or encounter the same alleged discriminatory practices again. Plaintiff made no showing that he is "threatened by a repetition of his experience." *Lyons*, 461 U.S. at 109. Therefore, Plaintiff does not allege an injury in fact. Accordingly, the Court concludes that Plaintiff does not have standing to pursue equitable relief against Defendant Doporto and Defendant Igo in their official and individual capacities.

**2. Judge Carson**

Furthermore, for Defendant Judge Carson, the SAC does not mention Defendant Judge Carson beyond listing her as a Defendant, so Plaintiff does not have standing to pursue equitable relief against Defendant Judge Carson in her individual capacity. (Doc.

24 at 1).

**3. Damages**

The remaining issue is whether Plaintiff has standing to pursue damages against Defendant Judge Carson, Defendant Doporto, and Defendant Igo in their individual capacities. As previously stated, there are no facts alleging that Plaintiff's injury is traceable to Defendant Judge Carson. Therefore, Plaintiff does not have standing to pursue damages against Defendant Judge Carson in her individual capacity.

For Defendant Doporto, Plaintiff alleges that Defendant Doporto conspired against him, which affected Plaintiff's parental rights. (Doc. 24 at 2). As to Defendant Igo, Plaintiff alleges that Defendant Igo possessed the authority to intervene and prevent discriminatory conduct, and as a result of his failure to do so, Plaintiff was deprived of parental rights. (Doc. 24 at 2). The Court finds that Plaintiff has standing to pursue claims for damages against Defendant Doporto and Defendant Igo in their individual capacities.

**C. § 1983**

The Court now assesses the merits of Plaintiff's claims against Defendant Doporto and Defendant Igo for damages in their individual capacities.

"In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Chaudhry v. Aragon*, 68 F.4th 1161, 1169 (9th Cir. 2023) (citation omitted). "Lodging a claim under § 1983 also requires Plaintiffs to show they were deprived of a right, privilege, or immunity secured by the Constitution and laws." *Id*. For equal protection claims, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Sampson v. Cnty. of Los Angeles by & through Los Angeles Cnty. Dep't of Child. & Fam. Servs*., 974 F.3d 1012, 1022 (9th Cir. 2020) (citation omitted). As for due process claims, a plaintiff must allege "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

Here, on Plaintiff's equal protection claim, Defense argues that Plaintiff only alleges

conclusory statements. (Doc. 32 at 11). Regarding Plaintiff's due process claim, Defense argues that the existence of appellate filing deadlines does not create a due process claim. (Doc. 32 at 10).

For the equal protection claim, Plaintiff alleges that Defendants participated in "discriminatory treatment, denial of fair meetings, and unequal enforcement of state laws." (Doc. 24 at 2). For the due process claim, Plaintiff lists Arizona as a Defendant and alleges that Arizona's thirty-five-day appellate deadline violates due process "when judges exceed that time to respond to motions for reconsideration." (Doc. 24 at 2). The Court already concluded that Arizona is not a proper party. Furthermore, the Court concludes that Plaintiff's § 1983 claims only contain conclusory statements. Therefore, the § 1983 claims are dismissed.

**D. §§ 1985(3) and 1986**

With the § 1983 claims dismissed, the §§ 1985(3) and 1986 claims cannot continue. "[T]o state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004). "A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Therefore, the remaining §§ 1985(3) and 1986 claims must be dismissed. With that, the final claim for Declaratory Judgement must be dismissed as well. *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022) ("The Declaratory Judgment Act does not provide a cause of action when a party . . . lacks a cause of action under a separate statute and seeks to use the Act to obtain affirmative relief.").

**E. Leave to Amend**

The final matter is whether Plaintiff should be granted leave to amend. Ordinarily, such leave is granted freely, particularly in cases involving *pro se* litigants. *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) ("Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks and citation

omitted)).

Defendants argue that the SAC is incurable because Defendant Judge Carson, Defendant Doporto, and Defendant Igo all have immunity for their actions. (Doc. 32 at 11).

Specifically, for Defendant Doporto, Defendants argue that she has a combination of absolute and qualified immunity as a DCS agent pursuing child dependent proceedings. (Doc. 32 at 9). Absolute immunity applies for "discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents." *Bhatti v. County of Sacramento*, 281 Fed. Appx. 764, 765 (9th Cir. 2008) (citation omitted). But that absolute immunity does not extend to investigative or other non-quasi-prosecutorial work. *Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008). Furthermore, qualified immunity shields government actors only if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Rieman v. Vazquez*, 96 F.4th 1085, 1092 (9th Cir. 2024) (citation omitted).

Plaintiff alleges that Defendant Doporto violated his constitutional rights "through biased investigative practices" and "unequal access to meetings." (Doc. 24 at 2). Plaintiff could potentially allege additional facts demonstrating that Defendant Doporto's conduct extended beyond the scope of "quasi-prosecutorial decisions." *See Bhatti*, 281 Fed. Appx. at 765. Therefore, the Court cannot conclude that Defendant Doporto has absolute immunity for all actions related to Plaintiff.

For Defendant Igo, Defendants argues that he has absolute immunity as a government attorney "overseeing representation in Plaintiff's case." (Doc 32 at 9). Absolute immunity applies when actions are "intimately associated with the judicial phase" of litigation. *Torres v. Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015) (citation omitted). Applying absolute immunity requires an analysis of the conduct alleged, not Defendant Igo's position at the time. *Id*. A government attorney is not entitled to absolute immunity when performing the "role of an administrator or investigative officer rather than that of advocate." *Id*. (citation omitted). Defendants hold the burden of showing that absolute immunity is justified. *Id*. at 1053. Defendants' Response does not clarify whether

"overseeing representation" only involved matters intimately associated with the judicial phase, such as collecting evidence, or if it included other administrative matters. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342–343 (2009) (citation omitted). Therefore, the Court cannot conclude that Defendant Igo has absolute immunity for all actions related to Plaintiff.

Finally, absent factual allegations, the Court cannot conclude that judicial immunity bars damages claims against Judge Carson in her individual capacity.

Accordingly, granting Plaintiff leave to amend would not be futile.

If Plaintiff chooses to amend the SAC, the amended complaint shall contain short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *see also Valez v. Corr. Corp. of Am.*, No. CV 20-01400-PHX-JAT (DMF), 2020 WL 5370848, at *4 (D. Ariz. Sept. 8, 2020). Plaintiff shall include only one claim per count.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 32) is **granted.**

**IT IS FURTHER ORDERED** that the Second Amended Complaint (Doc. 24) is **dismissed without prejudice and with leave to amend**. Plaintiff may file an amended complaint curing the defects identified in this Order by **October 30, 2026**. If Plaintiff does not do so, the action will be dismissed without further notice.

Dated this 30th day of September, 2026.

Honorable Steven P. Logan
United States District Judge